IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 23-MJ-428 GJF

DANNY DERON MORGAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order follows from the hearing on the Government's appeal of Magistrate Judge Fouratt's Release Order, held on March 30, 2023. (Doc. 18). At the hearing, the Government moved to allow a victim statement pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771, and the Court overruled several objections brought by Defendant Danny Deron Morgan. (Doc. 18). The Court affirmed the Order Setting Conditions of Release, (Doc. 19), and now enters this Memorandum Opinion and Order to provide reasoning related to the victim statement issue.

I.    *Background*

The Crime Victims' Rights Act (CVRA) provides victims ten enumerated rights, including: "The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." § 3771(a)(4).

Following the initial Pretrial Detention Hearing, (Doc. 10), and Judge Fouratt's Order Setting Conditions of Release, (Doc. 17), the Government appealed. At the appeal hearing, the Government requested that the alleged victim be able to provide a statement pursuant to the

CVRA. March 30, 2023 Hearing Tr. at 3:11–16.[1] Mr. Morgan's counsel requested that the alleged victim be placed under oath when making her statement to the Court. Tr. at 6:1–8. The Court asked the Government what the substance of the alleged victim's statement would be, and the Government proffered that she would speak to her injuries, to her mental health, to her fear of Mr. Morgan, to interactions she had had with the Mr. Morgan's family, and to the strength of the evidence in the case. Tr. at 6:24–7:25. Mr. Morgan construed such a statement as testimony and argued that it would violate his Sixth Amendment right to confront a witness if it were not conducted under oath and subject to cross examination. Tr. at 10:9–11:3. The Court ruled that the alleged victim would be allowed to make a statement about her fear as far as it goes to the factors for release or detention but would not be allowed to make a statement about evidence which goes to guilt or innocence. Tr. at 11:11–12:10.

Mr. Morgan objected to allowing the victim to speak to the Court not under oath and not subject to cross examination. Tr. at 15:2–6. He also moved for a continuance to better address the "constitutional dimensions." *Id.* The Court noted the objection and denied the motion to continue. Tr. at 15:7–8. When the Government requested that the victim be able to speak to communications she had received from family members of Mr. Morgan to the extent they address her reasonable apprehension or fear, Mr. Morgan once again objected, and the Court overruled the objection. Tr. at 15:22–16:7. The alleged victim proceeded to make a brief statement about her fear since the alleged domestic violence, the efforts she had undertaken to protect herself, and the contact with Mr. Morgan's family which exacerbated her fear. Tr. at 16:19–17:24.

---

[1] The Court's citation to the hearing transcript refers to the court reporter's original, unedited version. Any final transcript may contain some differences in page and line numbers.

The Court, having ruled on the motion and objections at the hearing, now provides more comprehensive reasoning because the issue was novel to this Court and because it potentially implicates constitutional rights.

II.  *Reasoning*

At issue here is the extent to which Congress provided a right for alleged crime victims to make statements to the Court at a pretrial detention hearing while the Defendant's guilt or innocence remains unadjudicated and the Sixth Amendment right to confront witnesses may attach. The Court knows of no binding Circuit precedents on point, but it was guided by the thoughtful opinions of many of its peer district courts, several of which it cites for their persuasive value.

First, the Court reasons that the CVRA applies to pre-trial detention hearings. The plain language of the Act is that a crime victim has the "right to be reasonably heard at any public proceeding in the district court *involving release*[.]" § 3771(a)(4) (emphasis added). The Court interprets that as applying to a pretrial detention hearing in addition to any possible parole or release hearing conducted after sentencing. *See United States v. Marcello*, 370 F. Supp. 2d 745, 750 (N.D. Ill. 2005) (concluding same).

Second, the Court construes the victim statement as just that—a statement—and not as testimony. Because the statement is not testimony, it is not evidence to be considered at trial, and therefore Sixth Amendment confrontation concerns are diminished. The Court noted at the hearing and reiterates here that a victim could submit a letter to the Court and the text would not be considered testimony (or be assailable via cross-examination for that matter). An alleged victim's choice to speak a statement rather than write one does not change its status as a mere statement, and the victim should reasonably have a choice about how to present their statement.

*E.g.*, *United States v. Dearing*, No. 1:21-MJ-00007-SKO, 2021 WL 672987, at *3 (E.D. Cal. Feb. 22, 2021) ("The CVRA clearly was enacted to make victims full participants in the proceedings and limiting victims to written impact statements would treat them as secondary participants in the proceedings."); *but see Marcello*, 370 F. Supp. 2d at 750 (concluding a written statement satisfied the reasonable right to be heard and no oral statement mandated).

Third, the Court reasons that even though a pre-trial statement from an alleged victim could potentially infringe on the Sixth Amendment confrontation right, a statement does not so infringe so long as the substance does not go to guilt or innocence and only addresses apprehension of danger to the alleged victim, which is a factor in detention or release. This is a restriction on the right to be heard, but it is a right to be "reasonably heard," not an absolute right. These limitations properly balance the Defendant's constitutional right against the crime victims' statutory right. This balance is also in keeping with numerous courts' holdings that the Confrontation Clause does not attach to pre-trial detention hearings—at least as far as proffers and hearsay are concerned. *E.g.*, *United States v. Hernandez*, 778 F. Supp. 2d 1211, 1219 (D.N.M. 2011); *Peterson v. California*, 604 F.3d 1166 (9th Cir. 2010).

Fourth, and building logically on the prior reasoning, the Court reasons that a victim statement at a pre-trial detention hearing need not be given under oath or subjected to cross examination if it comports with those reasonable limits. *C.f.*, *United States v. Grigg*, 434 Fed. Appx. 530, 533 (6th Cir. 2011) ("Every court that has examined this issue has held that there is no requirement to swear in CVRA victims [at sentencing].") As the Court explained from the bench, Tr. 14:18–15:1, burdening an alleged victim any further would risk defeating the spirit and purpose of the CVRA, which requires a victim be "treated with fairness and with respect for the victim's dignity and privacy," § 3771(a)(8). *Accord Dearing*, 2021 WL 672987 at *3.

For all these reasons, the Court permitted the alleged victim statement at the pre-trial detention hearing with reasonable restrictions and overruled Mr. Morgan's objections.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE